IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CR-249-D
No. 5:25-CV-39-D

| | | |
|---|---|---|
| SAMUEL RAY JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On January 27, 2025, Samuel Ray Jones ("Jones" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 168-month sentence [D.E. 80]. Jones alleges counsel was ineffective because he told his attorney to file a notice of appeal, and she allegedly failed to do so. See id. at 4; [D.E. 80-1]; [D.E. 81] 4–5. On June 12, 2026, the government moved to dismiss the petition [D.E. 88] and filed a memorandum in support [D.E. 89]. See Fed. R. Civ. P. 12(b)(6). On August 18, 2026, Jones responded in opposition [D.E. 95]. As explained below, the court denies the government's motion to dismiss and refers Jones's motion to United States Magistrate Judge Robert T. Numbers II for an evidentiary hearing and a memorandum and recommendation.

I.

On February 29, 2024, with a plea agreement, Jones pleaded guilty to two counts of an indictment charging him with possession with intent to distribute 40 grams or more of fentanyl (count seven) and possession of a firearm by a felon (count nine). See [D.E. 57, 59, 60]. In the

plea agreement, the government agreed to dismiss the remaining seven counts of the indictment at sentencing. See [D.E. 59] 8. The plea agreement also contained an appellate waiver. See id. at 1–2.

On June 12, 2024, the court held Jones's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 69]; Sentencing Transcript ("Sent. Tr.") [D.E. 79]. The court calculated Jones's total offense level to be 31, his criminal history category to be III, and his advisory guideline range to be 135 to 168 months' imprisonment. See Sent. Tr. 5. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jones to 168 months' concurrent imprisonment on each count. See Sent. Tr. Jones did not appeal.

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The Sixth Amendment imposes a duty upon "counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord Garza v. Idaho, 586 U.S. 232, 241–47 (2019); United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the

defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see Garza, 586 U.S. at 241–47; United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

To demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland v. Washington, 466 U.S. 668, 691–96 (1984). A party does so by showing there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant claims counsel performed deficiently by failing to file a notice of appeal, a defendant shows prejudice by "demonstrat[ing] that there is a reasonable probability that, but for counsel's deficient failure . . . he would have timely appealed." Flores-Ortega, 528 U.S. at 484. The court presumes prejudice when a defendant loses an opportunity to appeal that he would have taken but for counsel ignoring a defendant's express instructions to file a notice of appeal. See Garza, 586 U.S. at 245–47; Flores-Ortega, 528 U.S. at 484–86.

A genuine issue of material fact exists about the substance of Jones's consultations with his counsel about filing a notice of appeal. See Garza, 586 U.S. at 241–47; Flores-Ortega, 528 U.S. at 480; United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished). The court directs Magistrate Judge Numbers to hold an evidentiary hearing on this claim and to issue a memorandum and recommendation. See, e.g., Toney v. United States, Nos. 5:16-CR-12, 5:21-CV-221, 2022 WL 866303 (E.D.N.C. Mar. 7, 2022) (unpublished), report and recommendation adopted, 2022 WL 855285 (E.D.N.C. Mar. 22, 2022) (unpublished); Diaz v.

United States, Nos. 7:09-CR-100, 7:11-CV-43, 2014 WL 7384974 (E.D.N.C. Dec. 29, 2014) (unpublished); Rahman v. United States, Nos. 7:08-CR-126, 7:10-CV-69, 2013 WL 5222160 (E.D.N.C. Aug. 27, 2013) (unpublished), report and recommendation adopted, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013) (unpublished). The court requests Judge Numbers to assess Jones's credibility at the hearing. If Judge Numbers determines that Jones committed perjury at the hearing concerning his discussions with his former counsel about filing a notice of appeal, the memorandum and recommendation should so state. Thus, the court denies the government's motion to dismiss.

II.

In sum, the court DENIES respondent's motion to dismiss [D.E. 88] and REFERS petitioner's claim that counsel did not comply with his express instruction to file a notice of appeal to Judge Numbers for a prompt evidentiary hearing and a memorandum and recommendation.

SO ORDERED. This 13 day of November, 2026.

JAMES C. DEVER III
United States District Judge